NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1089
_____

DWIGHT D. MITCHELL,
                                                                Appellant

v.

COLONEL JOSEPH R. FUENTES, Superintendent of the New Jersey State Police;
VINICIUS VINCENTE; DAMEON CRAWFORD
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 3:12-cv-03394)
District Judge: Hon. Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 13, 2018
_____

Before: GREENAWAY, JR., SHWARTZ, and BIBAS, *Circuit Judge*

(Opinion Filed: January 25, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

This is a case arising from Dwight D. Mitchell's federal civil rights action against New Jersey State Troopers Vinicius Vincente and Dameon Crawford,[1] and the untimely death of Mitchell's attorney, William H. Buckman, Esq. Mitchell appeals from the District Court's denial of his untimely motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"). For the reasons discussed below, we will affirm the District Court.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying events of this case occurred over eight years ago on June 6, 2010, at approximately 12:48 a.m., when Officers Vincente and Crawford stopped Mitchell's vehicle on Route 287 in Edison Township. The events preceding the stop are disputed. According to Mitchell, Officers Vincente and Crawford were motivated by biases (racial and otherwise[2]) and fabricated the claim that Mitchell was speeding and driving recklessly. According to Vincente's testimony, he and Crawford were travelling at approximately 70 miles per hour ("mph") when Mitchell's vehicle moved into the left lane and "took off," reaching a speed of 130 mph. *Mitchell*, 2012 WL 603221 at *1.

---

[1] For consistency, we are using the spelling of the parties' names that appears in the case caption.

[2] According to the New Jersey Superior Court opinion, Mitchell claimed that the stop was related to "driving while black." *State v. Mitchell*, No. A-3524-10T3, 2012 WL 603221, at *2 (N.J. Super. Ct. App. Div. Feb. 27, 2012). However, in his Second Amended Complaint, Mitchell argues that the officers were biased against him because he was "driving an expensive sports car with a beautiful woman." App. 133. Mitchell does not dispute driving above the 65 mph speed limit, but claims he sped up to avoid colliding with the officers' vehicle.

Following the stop, Officers Vincente and Crawford issued Mitchell citations for speeding at 130 mph in a 65 mph zone and for reckless driving. Mitchell was convicted of both charges in Municipal Court, but appealed to the Superior Court of New Jersey and then to the New Jersey Appellate Division, which ultimately upheld his speeding conviction (albeit for speeding at 90 mph in a 65 mph zone) and reversed his reckless driving conviction.

On June 5, 2012, Mitchell filed a Complaint in the District of New Jersey alleging, *inter alia*, Fourth and Fourteenth Amendment violation claims against Officers Vincente and Crawford; a failure to supervise claim against then-Superintendent of the New Jersey State Police, Colonel Joseph R. Fuentes; and a claim for violation of the New Jersey Civil Rights Act ("NJCRA"). Vincente, Crawford, and Fuentes moved to dismiss the Complaint, arguing that Mitchell's claims were either barred by collateral estoppel or failed to state a claim upon which relief can be granted. Mitchell cross-moved for leave to file a First Amended Complaint. The District Court granted Mitchell leave to amend his Fourteenth Amendment and NJCRA claims, and dismissed his Fourth Amendment claims on the grounds of collateral estoppel. On July 11, 2013, Mitchell, represented by Buckman, filed his First Amended Complaint, and Vincente and Crawford[3] again moved to dismiss. On March 18, 2014, the District Court granted the motion to dismiss and terminated the case. On October 14, 2014, Buckman died. Mitchell learned of Buckman's death almost a week later, on or about October 20, 2014.

---

[3] Colonel Fuentes was no longer named a defendant in the First Amended Complaint.

Prior to Buckman's passing, Mitchell contends that he and Buckman communicated about the status of his case multiple times, including in February 2014 and in late August 2014, and each time Buckman "assured [him] that his . . . case was proceeding well." Appellant's Br. at 4. Mitchell further contends that Buckman failed to alert him to the District Court's order dismissing the case, and failed to appeal or advise Mitchell on how to appeal the District Court's order. Once Mitchell learned that his case had been dismissed and that Buckman's updates on his case had been incomplete or inaccurate, he "contacted approximately 10 other civil rights lawyers[,]" all of whom advised him that he had no legal recourse. *Id.* at 6-7. On May 31, 2017—over three years after his case was terminated—Mitchell, proceeding *pro se*, filed a motion to reopen his case pursuant to Rule 60(b)(6). The District Court denied the motion and Mitchell appealed.

## II. DISCUSSION[4]

We review a District Court's denial of a Rule 60(b) motion for abuse of discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014) (citing *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 342 (3d Cir. 2003)). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Id.*, 757 F.3d at 118 (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999)).

---

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

Under Rule 60(b), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" under an enumerated set of circumstances. Fed. R. Civ. P. 60(b). The final enumerated provision, Rule 60(b)(6), serves as a "catch-all," and "allows a court to relieve a party from a judgment for 'any other reason that justifies relief' aside from the more specific circumstances described in Rules 60(b)(1)-(5)." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (quoting Fed. R. Civ. P. 60(b)(6)). "A motion under Rule (60)(b) must be made within a reasonable time," which is generally "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). While the one-year limit does not explicitly apply to Rule 60(b)(6) motions, a movant under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). Indeed, a movant under Rule 60(b)(6) must show, absent relief, "an 'extreme' and 'unexpected' hardship will result." *Budget Blinds*, 536 F.3d at 255 (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). Mitchell does not meet this requirement and we will therefore affirm the District Court's denial of his Rule 60(b)(6) motion.

Mitchell argues that his lack of legal education, his inability to access computerized legal research programs, and Buckman's failure to communicate the termination of the case and abandonment of the appeal, amount to "extraordinary circumstances" warranting Rule 60(b)(6) relief. Appellant's Br. at 19-20. While it is unfortunate that, following Buckman's death, Mitchell was left to file his Rule 60(b)(6) motion *pro se*, the circumstances that prevented Mitchell from seeking timely relief from

the lower court's judgment do not outweigh the interests in preserving the finality of a judgment that is over three years old. *See Budget Blinds*, 536 F.3d at 255. Rule 60(b) motions must be brought within a reasonable time. Here, Mitchell knew of his counsel's passing within a week of it occurring yet waited two years before informing the Court that he sought relief. The lack of interest by any attorney to take on his case did not stop him from notifying the Court that he wished to pursue his case. Thus, Mitchell's failure to seek timely relief was unreasonable. Furthermore, the contested events that led to Mitchell's ultimate speeding conviction occurred over eight years ago, and he does not contest driving above the 65 mph speed limit on Route 287 all those years ago. Mitchell's civil rights claims were adjudicated on the merits, and although he remains dissatisfied with Buckman's failure to file a Second Amended Complaint or to appeal upon the termination of the case, Mitchell has not demonstrated that, absent relief under Rule 60(b)(6), he will suffer extreme or unexpected hardship. Buckman's representation of Mitchell, however lacking, did not rise to the level of egregiousness that warrants Rule 60(b)(6) relief. *Cf. Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977-79 (3d Cir. 1978) (holding that attorney's failure to oppose motion for summary judgment constituted an extraordinary circumstance warranting relief under Rule 60(b)(6) where attorney failed to file responsive pleadings in fifty-two other cases). The District Court therefore did not abuse its discretion in denying the motion.[5]

---

[5] Appellees also raise a futility argument, stating that "[e]ven if this Court were to find that Mitchell showed exceptional circumstances sufficient to grant his motion to vacate, denial would still be proper because it would have been futile to allow the filing of Mitchell's Second Amended Complaint." Appellees' Br. at 10-11. In light of our finding

6

**III.    CONCLUSION**

For the foregoing reasons, we will affirm the District Court's denial of Mitchell's Rule 60(b)(6) motion.

---

that Mitchell has not demonstrated extraordinary circumstances warranting Rule 60(b)(6) relief, we need not address this argument.